# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EUGENE G. DEWS** : | **CIVIL ACTION** |
| : | |
| v. : | |
| : | |
| **CYNTHIA LINK**, Ex-Superintendent, : | |
| SCI-Graterford, **MS. DJANAH** : | |
| **MCCOLLOUGH**, Correctional Officer, : | |
| SCI-Graterford, **SERGEANT PEDRO** : | |
| **MIRABEL**, Correctional Officer, SCI- : | |
| Graterford, **MR. JOSEPH C.** : | |
| **KORSZNIAK (CHCA)** In His Individual : | |
| Capacity and His Official Capacity As : | |
| Corrections Health Care Administrator : | |
| Of SCI-GRATERFORD, **PENNSYLVANIA** : | |
| **DEPARTMENT OF CORRECTIONS**, : | |
| **BRITTANY HUNER**, In Her Individual : | |
| Capacity and Her Official Capacity As : | |
| Corrections Health Care Administrator : | |
| Of SCI Phoenix and **KEVIN PURIFOY**, : | |
| In His Individual Capacity : | **NO. 18-4285** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                            **June 2, 2021**

      Plaintiff Eugene Dews, an inmate at SCI Phoenix and former inmate at SCI Graterford, brought this action against the Department of Corrections ("DOC") and six current or former DOC employees. He alleges they violated his rights under § 1983, Title II of the ADA and Section 504 of the Rehabilitation Act by depriving him of access to medical care and failing to provide him with reasonable accommodation for his disability. He also asserts a breach of contract claim against DOC, contending it breached a settlement agreement ending a prior federal action.

Dews suffers from several serious medical conditions, including diabetes, spinal stenosis and chronic neck and back pain.[1]  He is treated daily with insulin injections and more than a dozen medications.[2]  To access the prison's medical wing for treatment, Dews must pass through several metal detectors.[3]  Because he has two six-inch metal rods and six screws implanted in his back, Dews regularly triggers metal detectors and must be patted down by prison personnel.[4]

While at SCI Graterford, after years of receiving accommodations, two correctional officers began refusing to pat-down Dews, effectively denying him access to his medication.[5]  Dews claims they did so in retaliation for his 2015 civil rights lawsuit against several prison officials.[6]  Then, in 2019 at SCI Phoenix, another correctional officer began denying him access to medical treatment.[7]  He claims that this was in retaliation for a second lawsuit he filed in 2017 that was eventually settled.[8]

In addition to suing the three correctional officers who denied him access to medical care, Dews has sued Cynthia Link, the retired Superintendent of SCI Graterford; Joseph Korszniak, the former Corrections Healthcare Administrator at SCI Graterford; and Brittany Huner, the current Corrections Healthcare Administrator at SCI Phoenix.

---

[1] First. Am. Compl. at ¶¶ 16-27 (ECF No. 37) ("FAC").

[2] *Id.*

[3] *Id.* at ¶¶ 30-31.

[4] *Id.* at ¶¶ 32-34.

[5] *Id.* at ¶¶ 39-96.

[6] *Id.* at ¶¶ 39, 155.

[7] *Id.* at ¶¶ 122, 130-138.

[8] *Id.*

They move for partial dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction. Specifically, they move to dismiss Dews's claims of discrimination under the ADA and the Rehabilitation Act. They argue that because they are neither a "public entity" as defined by the ADA nor recipients of federal financial assistance as defined by the Rehabilitation Act, they cannot be sued under either statute.[9]

The DOC moves to dismiss the breach of contract claim. It argues that we do not have subject-matter jurisdiction to enforce Dews's settlement agreement because that earlier case has been dismissed.

## Standard of Review

Whether a Rule 12(b)(1) motion presents a "facial" or a "factual" attack dictates the scope of review. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). A facial challenge asserts an insufficiency on the face of the complaint. *Id.* A factual attack disputes the factual basis supporting subject matter jurisdiction. *Id.*

Here, the moving defendants do not dispute the allegations in the amended complaint. They make a facial challenge.

In reviewing a facial challenge, we consider only the allegations in the complaint and the attached documents. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (citation omitted). We accept the allegations as true and construe them in the light most favorable to the plaintiff to determine if he has sufficiently alleged a basis for subject matter jurisdiction. *See Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted); *see also Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514

---

[9] Defs.' Mot. to Dism. (ECF No. 47); Def.'s Mot. to Dism. (ECF No. 50); *see also* 29 U.S.C. § 794(a).

(3d Cir. 2007). Thus, in considering this facial challenge under Rule 12(b)(1), we apply the same standard of review used in considering a motion to dismiss under Rule 12(b)(6).

**Discussion**

*ADA and Rehabilitation Act Discrimination*

Dews brings claims of discrimination against Link, Korszniak, Huner and the DOC under the ADA and the Rehabilitation Act.[10] Count VII alleges a violation of Title II of the ADA resulting from the DOC's denial of Dews's reasonable accommodation for modifications of the Security Policy allowing him to obtain access to the medical wing of the prison. Count VIII alleges a violation of Section 504 of the Rehabilitation Act arising from the same conduct.

It is unclear whether Dews brings his ADA and Rehabilitation Act claims against Link, Korszniak and Huner in their official capacities only or in both their individual and official capacities.[11] In the preamble of the FAC, he asserts that he is suing them in both their official and individual capacities.[12] Yet, in the headings of the ADA and Rehabilitation Act counts, he declares he is suing them only in their official capacities.[13] Giving him the benefit of the doubt, we shall assume he is suing them in both capacities.

---

[10] The DOC concedes it is "a proper defendant" for both the ADA and Rehabilitation Act discrimination claims. Defs.' Mot. to Dism. at 9.

[11] Dews does not mention any individual defendants in this portion of the FAC. Dews seeks "compensatory damages" and a permanent injunction to prevent "the DOC" from "improperly exploiting the Security Policy" against him and denying access to medical care. Dews requests no relief against the individual defendants in this portion of his amended complaint. FAC at ¶¶ 215-234.

[12] *See* FAC at ¶¶ 1-2.

[13] Counts VII and VIII explicitly state that the claims are brought against these defendants "in their official capacities." The other counts omit the same language against the same defendants. *Compare* FAC at 32 ("COUNT V 42 U.S.C. § 1983 (Violation of Eighth and Fourteenth Amendments) (against Brittany Huner)") *with id.* at 33 ("COUNT VI 42 U.S.C. § 1983 (Violation of Eighth and Fourteenth Amendments) (against Brittany Huner in her official capacity)").

4

Title II of the ADA makes it unlawful for public entities, including prisons, to discriminate against the disabled in the provision of services, programs and activities. *Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015) (citing *Tennessee v. Lane*, 541 U.S. 509, 517 (2004)); *Chisholm v. McManimon*, 275 F.3d 315, 325 (3d Cir. 2001) (citing *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998)). Because individuals are not public entities, they cannot be liable under Title II for monetary damages. *See Kokinda v. Pa. Dep't of Corr.,* 779 F. App'x 938, 942 (3d Cir. 2019) (per curiam) ("Kokinda's claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (stating in *dicta* "that individuals are not liable under Titles I and II of the ADA" for discrimination).

Nor can they be liable under the Rehabilitation Act in their individual capacities. *See A.W. v. Jersey City Public Schools,* 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals"); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials").

Even though individuals cannot be sued in their individual capacities for money damages under Title II of the ADA or the Rehabilitation Act, they may be sued in their official capacities.[14] But, where the plaintiff simultaneously sues the state entity that

---

[14] The Third Circuit has not held that official capacity Title II claims are permissible. Some courts reason that because individuals are not "public entities" as defined in Title II, they are not appropriate defendants, even if the suit is in an official capacity. *See Fidanzato v. Somerset, Hunterdon, and Warren Counties Vicinage 13*, No. 11-5132, 2012 WL 4508008, at *7 (D.N.J., Sept. 28, 2012) (citing *Emerson*, 296 F.3d at 189); *accord Garcia*, 280 F.3d at 107 (finding individuals sued in their official capacity under Title II of the ADA are not subject to liability). However, at least one district court within this circuit has allowed official capacity claims to proceed. *George v. Pa. Dep't of Corr.*, No. 09-1202, 2010 WL 936778, at *7 (M.D.

employs the individual defendants, the claims against the individuals may be dismissed as duplicative of the claims against the state. *See Snell v. City of York,* 564 F.3d 659, 664 (3d Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity [,]' since '[i]t is not a suit against the official personally, for the real party in interest is the entity'") (alterations in original)). For example, courts may dismiss, as duplicative, Title II ADA claims brought against individuals in their official capacities where there are identical claims against their employer. *Hargrove v. Carney,* No. 20-610, 2020 WL 1939696, at *6 n.10 (E.D. Pa., Apr. 22, 2020) (dismissing Title II ADA "claims against the individual Defendants in their official capacities [because they] would be duplicative of the claims against the City of Philadelphia, which is already named as a Defendant") (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015) and *Love-Lane v. Martin,* 355 F.3d 766, 783 (4th Cir. 2004)).

Dews's discrimination claims against Link, Korszniak and Huner in their official capacities are duplicative of his claims against the DOC. Therefore, we shall dismiss Counts VII and VIII against Link, Korszniak and Huner in their individual capacities and in their official capacities to the extent Dews seeks compensatory damages.

State officials may be sued in their official capacities where the plaintiff seeks prospective injunctive relief. Injunctions against state officials actively violating federal laws are "'necessary to vindicate the federal interest in assuring the supremacy of that law,'" despite the Constitution's prohibition against suits against the state. *Koslow v.*

---

Pa. Mar. 11, 2010) ("Under Title II of the ADA, plaintiffs may not sue individual defendants in their personal capacities, but must instead sue the state, state entities, or defendants in their official capacities").

*Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (quoting *Green v. Mansour,* 474 U.S. 64, 68 (1985)). In *Koslow,* the Third Circuit held that because "the Eleventh Amendment has not been interpreted to bar a plaintiff's ability to seek prospective relief against state officials for violations of federal law," a plaintiff may sue a state official for ongoing violations of the ADA. *Id.* at 178 (citing *Carten v. Kent St. Univ.,* 282 F.3d 391, 396 (6th Cir. 2002)) ("[A]n official who violates Title II of the ADA does not represent 'the state' for purposes of the Eleventh Amendment, yet he or she nevertheless may be held responsible in an official capacity for violating Title II [of the ADA], which by its terms applies only to 'public entit[ies]'") (alterations in original); *see also Frederick L. v. Dep't of Pub. Welfare,* 157 F. Supp. 2d 509, 531-32 (E.D. Pa. 2001) (holding that employee sued in official capacity may be sued under Title II of the ADA and Rehabilitation Act for prospective injunctive relief).

Dews seeks injunctive relief against Brittany Huner only.[15] He argues that he has a "reasonable and well-grounded fear that [defendant] Huner will again deny him access to medical care, as she has done on three occasions just weeks prior to the filing of the Amended Complaint."[16] Because defendant Huner is a current employee of the DOC and Dews alleges that she can and may deny him access to medical treatment, his claim for prospective injunctive relief against her in her official capacity may proceed.

---

[15] Dews "seeks injunctive relief only against Defendant Huner, as she is the current Corrections Healthcare Administrator at SCI Phoenix. . . ." *See* Pl.'s Br. in Opp. at 10, n.3 (ECF No. 48). He does not seek injunctive relief against Link or Korszniak, as they are no longer employed by DOC.

[16] Pl.'s Br. in Opp. at 10, n.3.

7

*Breach of Contract*

In Count IX asserting a breach of contract claim, Dews seeks to enforce a 2019 settlement agreement that resolved an earlier case in this court.[17] In that case, the DOC "agreed, in pertinent part, to not withdraw or otherwise materially alter Mr. Dews's accommodation to receive his insulin treatment."[18] Dews alleges that the DOC "breached the Settlement Agreement when" its officers denied him his insulin treatment on "three separate occasions."[19]

The DOC contends that district courts "lack jurisdiction to enforce [a] settlement agreement unless the obligations of the parties to comply with the settlement agreement is made part of the dismissal order or there is an independent basis for exercising jurisdiction."[20] It relies on *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) to support its argument.

In *Kokkonen*, after the parties settled and dismissed their case, the defendant moved to enforce the settlement agreement in the same action that had been closed. 511 U.S. at 377. Justice Scalia concluded that the federal court did not have jurisdiction to hear the breach of contract claim because enforcing the settlement agreement was factually independent of the underlying claims. *Id.* at 380 ("[I]t would neither be necessary nor even particularly efficient that [these claims] be adjudicated together"). The Court held that unless the federal court, with the parties' consent, incorporates the settlement

---

[17] *Dews v. Dep't of Corr.,* C.A. No. 17-3703.

[18] FAC at ¶ 237.

[19] *Id.* at ¶ 239.

[20] Defs.' Mot. to Dism. at 4 (quoting *In re Phar-Mor, Inc. Sec. Litig.* 172 F.3d 270, 274 (3d Cir. 1999)).

8

in the dismissal order or retains jurisdiction over the settlement, it has no power to enforce the settlement agreement. *Id.* at 381-82. It is for the state courts to enforce the agreement.

Unlike in *Kokkonen*, Dews is not moving to enforce the earlier settlement in the same case. He is asserting a state law breach of contract claim in a new action also raising federal causes of action. He argues that the breach of the settlement agreement claim shares a common nucleus of operative fact with his federal claims, providing a basis for supplemental jurisdiction over the breach of contract claim.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related. . . that they form part of the same case or controversy. . . ." Thus, when "state-law claims share a 'common nucleus of operative fact' with the claims that supported the district court's original jurisdiction," exercising supplemental jurisdiction is proper. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) (quoting *U.S. Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Barr v. Diguglielmo*, 348 F. App'x. 769, 774 (3d Cir. 2009) (affirming district court's denial of supplemental jurisdiction because inmate's breach of settlement claim was only "tangentially related to his constitutional claims").

The federal causes of action in this case arise out of Dews's allegations that he has been denied necessary treatment for his serious medical conditions which are the subject matter of the settlement agreement. The conduct alleged in the federal causes of action regarding interference with access to necessary medical treatment is the same conduct that constitutes a breach of the settlement agreement. The facts necessary to

establish the federal causes of action are the same needed to prove a breach of the settlement agreement. Therefore, we shall exercise supplemental jurisdiction over the state law claim.

## Conclusion

We shall grant defendants Link and Korszniak's motions to dismiss Counts VII and VIII against them, and defendant Huner's motion to dismiss Counts VII and VIII to the extent Dews seeks relief against her in her individual and official capacity for money damages. Dews's claim against Huner for prospective injunctive relief shall remain. Finally, we shall deny the DOC's motion to dismiss Count IX.